**STATE, Plaintiff-Appellee v. WELSH, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3712.   Decided September 15, 1944.

Ralph J. Bartlett, Pros. Atty., Columbus, for plaintiff-appellee.

Mayer & Mayer, Columbus, for defendant-appellant.

SHERICK, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

### By HORNBECK, J.

This is an appeal on questions of law from the conviction, judgment and sentence of defendant for the offense of burglary and larceny. One error only is assigned, namely, "That the verdict is contrary to law and against the weight of the evidence."

The brief of defendant-appellant is devoted to the claim that the proof does not establish an essential element of the crime of burglary in that it does not appear that the defendant forcibly broke and entered the building from which it is claimed the property was stolen. The answer brief of the State of Ohio concedes that the evidence does not establish the technical proof of breaking and entering but urges that the conviction of the offense of larceny which was included in the verdict should be affirmed.

We have read the record in its entirety and are in agreement that burglary is not established because of failure to make proof of a forcible breaking and entering.

In oral presentation of the appeal, counsel urged, first, that the evidence does not support the verdict of guilt of either burglary or larceny and further that, if in any view of the evidence, larceny alone could be said to be established the jury must have been prejudiced by the improper submission to it of the charge of burglary. In other words, that the testimony intended to establish the graver offense of burglary tended to prejudice the jury in its consideration of the lesser offense of larceny.

Upon the first question urged there is presented only the matter of the credibility of the witnesses. The conviction of the defendant is predicated, in the main, upon the evidence of one witness, namely, Arol Turner, whose testimony, if true, clearly and unmistakably establishes the guilt of defendant of larceny of the goods described in the indictment the value of which the jury fixed at $315.00. The defendant took the stand, denied any connection with the alleged offense, asserted that he was elsewhere at the time it was committed and offered two witnesses to support his alibi. There then is presented merely the question of the credibility of the witnesses unattended by any circumstances indicating prejudice or passion unless it be the fact that the jury was permitted also to hear and pass upon the testimony as it related to the charge of burglary.

It should be noted that, independent of the witness Turner, by the testimony of Mr. Cunningham, buyer and manager of

the Mykrantz Company, the merchandise set out in the indictment was stolen from the warehouse of the Mykrantz Company by entrance through a window and he fixed the value of the stolen property at approximately $400.00. Turner states in detail how he was engaged to take the defendant and Nance to the scene of the larceny, fixes the time and describes the route taken to and from the Mykrantz Company. The police officer testifies that he came onto the automobile of Turner in which much of the stolen goods was located and near which the rest was found and that it was in the rear of property occupied by Nance. Turner remained with his auto when the officer came upon him but, according to his testimony, both the defendant and Nance ran away. All of the facts were before the jury and it had the right to draw all warranted inferences therefrom.

The facts upon which the verdict was predicated are inseparably related and would have been identical had the charge been restricted to the offense of larceny only.

The case against the defendant on the charge of burglary fails only because the proof does not meet the technical requirements of the law. Had it appeared that the defendant raised the window through which entrance to the warehouse was effected, or that he lifted a latch thereon, technical proof of breaking would have been complete. In this situation, the difference in the character of the offense of which he was properly convicted and the one for which he could not be convicted is not such as in any probability would prejudice the jury against him.

It further appears that at no time during the trial of the case was the court requested to withdraw the charge of burglary from the jury, nor did the motion for a directed verdict at the close of the State's case raise the question.

At the conclusion of the charge the trial judge inquired both of the prosecutor and the attorney for the defendant, if he had omitted or misstated any proposition of law. To which counsel for defendant said, "I don't think so. I think you have stated the law."

We do not find the error assigned well made, except as hereinafter stated.

The judgment of conviction of the offense of burglary will be reversed and set aside. The judgment of conviction of larceny will be affirmed. The sentence of the trial judge will be vacated and the cause will be remanded for the sentence of defendant upon the verdict and judgment of conviction of the offense of larceny, as charged in the indictment.

GEIGER and SHERICK, JJ., concur.